UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ANDREW MILLER, <br><br> Defendant. | Criminal Action No. 24-cr-164 (TSC) |

**ORDER**

The Government filed a Criminal Information on April 3, 2024, charging Defendant with four counts of criminal conduct arising from the riot on the U.S. Capitol on January 6, 2021. *See* Information, ECF No. 7. Defendant asked to represent himself in this matter, and following a hearing, a Magistrate Judge granted his request and appointed standby counsel. *See* Mot. for Hearing, ECF No. 10; Min. Entry for Proceedings, April 16, 2024; Min. Entry for Proceedings, April 23, 2024. Defendant has since filed several pro se motions—a motion for judicial notice, a motion to dismiss, and a motion to strike. The court granted Defendant leave to file the motions but will DENY each on the merits.

**A.    Motion for Judicial Notice**

First, Defendant requests judicial notice of his "resignation as 'registered agent, representative and principal,'" "that the Plaintiff is dead/deceased and that the 'Prosecutor' is acting under color of law abusing an alleged Power of Attorney which died with the Plaintiff," and that "the Principal, the Plaintiff, and the prosecutor, the agent for the Principal, lack standing in this matter." Mot. for Judicial Notice, ECF No. 19 at 2–3. Under Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts typically take judicial notice of facts in "publicly available documents," *Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014), such as those on government websites, *e.g.*, *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

As the court confirmed at the May 2, 2024, arraignment, Defendant is not dead or deceased. Rather, underlying Defendant's motion is his claim that he repudiated his U.S. citizenship in a document that contains only his signature and does not appear to be official. To repudiate his citizenship, Defendant would have needed to perform one of the specific acts in 8 U.S.C. § 1481(a). *See, e.g.*, 8 U.S.C. § 1481(a)(6) ("making in the United States a formal renunciation of nationality in such form as may be prescribed by . . . the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation"). Defendant's attachment does not appear to comply with these requirements. Even if it did, however, noncitizens may still be prosecuted for acts committed in the United States. *Cf.* 8 U.S.C. § 1227(a)(2) (explaining which criminal convictions render a noncitizen removable from the United States).

In sum, neither fact Defendant asks the court to judicially notice is "generally known" and Defendant's sources are not those "whose accuracy cannot reasonably be questioned." Judicial notice is not warranted.

**B.      Motion to Dismiss**

Second, Defendant moves to dismiss the Criminal Complaint, arguing that it fails to comply with the Federal Rules of Evidence, primarily the hearsay rules and authentication rules.

Mot. to Dismiss, ECF No. 21 at 1–2. Neither the Criminal Complaint nor the Information, however, need to comply with the Federal Rules of Evidence. Rather, these evidentiary rules apply only to a subset of evidentiary proceedings—most notably, trial. *See* Fed. R. Evid. 1101 (explaining the applicability of the Federal Rules of Evidence). Consequently, Defendant's argument that the Information must be dismissed because it relies on evidence that he claims would be inadmissible at trial is meritless.

**C.     Motion to Strike**

Finally, Defendant moves to strike the "Original Complaint," arguing that it fails to comply with Rule 12(f) of the Federal Rules of Civil Procedure because the Government does not have the power to prosecute him. Mot. to Strike, ECF No. 22 at 1. This argument misses the mark. Importantly, the Federal Rules of *Civil* Procedure apply to civil cases—not criminal cases. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings."). Moreover, Defendant's argument that the Government has no authority to prosecute him relies on the same faulty premise as his motion for judicial notice and is therefore meritless. *See* Mot. to Strike at 2; *supra* Section A.

For the foregoing reasons, Defendant's Motion for Judicial Notice, ECF No. 19, Defendant's Motion to Dismiss, ECF No. 21, and Defendant's Motion to Strike, ECF No. 22, are hereby DENIED. Moreover, no further filings will be accepted prior to the next status conference in this case on May 23, 2024.

The Clerk of Court shall mail a copy of this Order to Plaintiff at his address of record.

Date: May 13, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge