UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ANDREW MILLER, <br><br> Defendant. | Criminal Action No. 24-cr-164 (TSC) |

## ORDER

The Government filed a Criminal Information on April 3, 2024, charging Andrew Miller with four counts of criminal conduct arising from the riots at the U.S. Capitol on January 6, 2021. *See* Information, ECF No. 7. Miller has filed several pro se motions, none of which appear to have any legal support, and the latest of which are filings best construed as motions to dismiss the Information, for the court to take judicial notice, and for recusal, *see* ECF Nos. 25, 26. The court granted Miller leave to file the motions but will DENY them on the merits.

A.   ECF No. 25

First, Miller requests what he terms a "Petition for Abatement" on the grounds that the Information mistook his identity. ECF No. 25 at 1. Because the filing seems to request dismissal of the Information, the court will construe it as a motion to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (liberal construction of pro se briefs). Miller argues that the Information names "ANDREW MILLER" as the defendant, but his "name is 'Andrew' with the initial letter capitalized as required by Rules of English Grammar for the writing of names of natural persons" and his "surname is 'Miller' with the initial letter capitalized," so the

Information "does not name [him] as a Party." ECF No. 25 at 1. Put another way, Miller argues that the Information must be dismissed because the Government capitalized his name.

Miller's argument is unpersuasive because criminal pleadings are not required to be in a particular case format. Rather, it is convention in any court case to capitalize each letter in the parties' names in various situations—including on the docket, in the case caption in filings, and, relevant here, in the charging document. More detailed, personal information, such as date of birth, social security number, and/or address, is therefore used to locate and identify defendant to avoid cases of "mistaken identity," *id*. Andrew Miller and ANDREW MILLER are the same person, regardless of which capitalization is on Miller's birth certificate. The court will therefore deny the motion to dismiss the Information.

**B.     ECF No. 26**

Second, the court construes Miller's filing liberally, *see Haines*, 404 U.S. at 520, and it appears that he requests that the court (1) dismiss the Information because the Government lacks authority to prosecute him; (2) take judicial notice that he is acting under duress and is entitled to due process; and (3) recuse itself due to a conflict of interest. ECF No. 26 at 1–2.

   *i.     Motion to Dismiss*

Miller argues that he was "unlawfully charged" in a "legislative court" because he is "subject only to judicial power, not legislative power" and "legislative courts" do not recognize "full due process of law." ECF No. 26 at 2. Miller's argument rests on a faulty premise: there are no "legislative courts." But even if there were, this court is certainly not one; it is an Article III court, meaning that it was established pursuant to Article III of the U.S. Constitution. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015) (describing Article III courts). Moreover, the Government has the authority to charge Miller—or any other person—in

connection with any criminal conduct that occurs within its borders. *See* 28 U.S.C. § 547(1) ("[E]ach United States attorney, within his district, shall . . . prosecute for all offenses against the United States."); Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed.").

This court also does recognize "full due process of law," not just, as Miller argues, "the right to be heard on the facts of the case." ECF No. 26 at 2. In criminal cases, like Miller's, those rights include the right to a speedy trial, *Barker v. Wingo*, 407 U.S. 514, 515 (1972); the right to counsel, *Kirby v. Illinois*, 406 U.S. 682, 688–89 (1972); the right to confront witnesses against him, *Crawford v. Washington*, 541 U.S. 36, 42 (2004); and the right against double jeopardy, *Currier v. Virginia*, 585 U.S. 493, 498 (2018). *See* U.S. Const. amends. V, VI. The court will deny Miller's request to dismiss the Information.

    *ii.*    *Motion for Judicial Notice*

Miller also requests the court take judicial notice that (1) his "special visitation" to this court "was forced, and that [his] visitation is special, and not general," and (2) that he is an "un-enfranchised Individual" who "has made a contrary conclusion of law to that of" the Government—that he is guaranteed to due process of law. ECF No. 26 at 1–2. Under Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts typically take judicial notice of facts in "publicly available documents," *Pharm. Rsch. & Mfrs. of Am. v. U.S. Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014), such as those on government websites, *e.g.*, *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

Regarding Miller's first request, he has not explained what he means by "special" or "general" "visitation" to a court. Thus, the court will not take judicial notice that his appearance in this court is "special visitation" because this fact may be "subject to reasonable dispute," Fed. R. Evid. 201. At bottom, Miller's seems to request that the court take judicial notice that he is appearing in court "under duress." ECF No. 26 at 1. But few, if any, criminal defendants are eager to appear in court. Rather, appearing in court at the requested time is a standard condition of release for all defendants who are released pending trial. *See* Order Setting Conditions of Release, ECF No. 12 at 1 (requiring Miller to "appear in court as required"). The court need not take judicial notice of this condition because it is already in the record. *See id.*

The court will also deny Miller's request that it take judicial notice that he is unenfranchised and entitled to due process rights. The court need not judicially notice his entitlement to due process rights because those rights apply automatically to all criminal defendants and present issues of law, not fact. *See* Fed. R. Evid. 201 ("[T]he court may judicially notice a fact."); *supra* Section B.i. Nor has Miller provided any evidence that indicates it is beyond "reasonable dispute" that he is "un-enfranchised," nor does he explain what he means by "un-enfranchised." Fed. R. Evid. 201. Consequently, the court will deny Miller's requests for judicial notice.

   *iii.*  *Motion for Recusal*

Finally, Miller requests that, "unless" the court is "positioned as a party to the cause," it must recuse itself "for conflict of interest." ECF No. 26 at 2. Recusal is proper where, for example, a judge's "impartiality might reasonably be questioned," or where the judge "has a personal bias or prejudice," previously participated in the matter at issue as counsel or in another capacity, has a financial interest in the proceeding, or has family with such a conflict. 28 U.S.C.

§ 455.  Miller does not identify any of these potential reasons for the court to recuse itself.  Nor does he explain why having an impartial judge would create a conflict of interest.  To the contrary—if the court *was* "a party to the cause," ECF No. 26 at 2, *then* there would be a potential conflict of interest.  *See* 28 U.S.C. § 455(b)(2)–(3).  In the absence of any showing of a basis for recusal, the court will deny Miller's motion.

For the foregoing reasons, Miller's First Amendment Petition for Abatement, ECF No. 25, and Miller's Judicial Notice, ECF No. 26, are hereby DENIED.  Moreover, **no further filings will be accepted** prior to the next status conference in this case on July 1, 2024.

The Clerk of Court shall mail a copy of this Order to Miller at his address of record.

Date: June 11, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge